9/6/22

Tracey Thompson -vs- Martin Gaines

05-22-00039

This took a lot out of me. I'm not able to work on computer long. I have to sleep and rest. NO Attorney - Pro-se - I have did the best I can due to lifes circumstances.

From: Disable Litigant
* This is a motion filed for rule # 34.6 - Supplementation of omitance, inaccuracies, errors of District 101 - Court Reporter which I finally got it on paper.

From: Tracey Thompson

SEE Report - I provided to show in report. Copied and wrote to court reporter also

*Tracey Thompson*

FILED IN
COURT OF APPEALS
SEP 06 2022
Claudia McCoy Nguyen
CLERK, 5th DISTRICT

Motion. I'd like to file a motion 9-2-2022

FILED IN
COURT OF APPEALS
SEP 06 2022
[signature]
CLERK, 5th DISTRICT

TRACEY B THOMPSON;

vs Martin
Gaines

This is a motion to filed
to court - Case - 05-22-00039

# Supplement

Court reporter
record - errors

Texas Court Rules

Rule 34.6 - Reporters

Record (a) Contents

① Stenographic recording,
IF the proceedings were stenograph-
ically recorded. the reporters
record consiste of the court
reporters transcription ② Electronic
IF proceedings were electronically
recorded, the reporter's record consists of all
tapes or other audio-storage devices

05-22-00039 - Tracey Thompson vs. Martin Gaines

(Brief is due soon-)

Also Certified copies of the logs prepared by court ~~reporter~~ recorder under rule 13.2.

(b.) I Tracey Thompson request for preparation of supplement to appeals court # 05-22-00039

I Tracey Thompson would like or is filing a motion Regarding Court Reporter ~~100~~ 101 district court DC-19-09781 - Tracey Thompson vs. Martin Gaines - No Summary Judgement - I Request preparation of supplement to appeal's court for inaccuracies that are very very detrimental to the outcome of my wrecked car complaint.

(1) The errors, inaccuracies has an effect on Appellant outcome

Court Reporter's transcript is inaccurate Please see the report that I received. enclosed

5

(d) Supplementation - If anything relevant is omitted from the reporters Record (pretrial court, the appellate court or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record is part of the appellate

(e) Inaccuracies in the Reporter's record.

✗ Copied - 101 District court - By email - To court reporter Also sent her request too mail box of the court. Sent no response yet.

REPORTER'S RECORD
VOLUME 2 OF 2
TRIAL COURT CAUSE NO. DC-19-09781
COURT OF APPEALS CAUSE NO. 05-22-0003

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
05/06/22 11:09:01 PM
LISA MATZ
Clerk

| | | |
|---|---|---|
| TRACEY B. THOMPSON, | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | DALLAS COUNTY, TEXAS |
| | ) | |
| MARTIN F. GAINES, | ) | |
| | ) | |
| Defendant. | ) | 101ST DISTRICT COURT |

DEFENDANT'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

which was heard on

Wednesday, January 5, 2022

On the 5th of January, 2022, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable STACI WILLIAMS, Judge Presiding, held in Dallas, Dallas County, Texas.

Proceedings reported by machine shorthand utilizing computer-assisted realtime transcription. Proceedings had via Zoom videoconference.

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court

APPEARANCES:

KEISHA CRANE
Texas State Bar No. 24100288
Stewart Law Group
One Arts Plaza
1722 Routh Street, Suite 745
Dallas, Texas 75201
(469) 607-2300
COUNSEL FOR DEFENDANT

TRACEY THOMPSON
Pro Se, Plaintiff
asia251525@gmail.com

DEFENDANT'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

INDEX

Wednesday, January 5, 2022                        Page    Vol

Caption.................................. 1       2

Appearances.............................. 2       2

Index.................................... 3       2

Proceedings on the record................ 4       2

Court Reporter's Certificate............. 13      2

*REPORTER'S NOTE: NO EXHIBITS MARKED/ADMITTED*

DEFENDANT'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

INDEX

Wednesday, January 5, 2022                    Page    Vol

Caption....................................... 1       2

Appearances.................................. 2       2

Index........................................ 3       2

Proceedings on the record.................... 4       2

Court Reporter's Certificate................. 13      2

*REPORTER'S NOTE: NO EXHIBITS MARKED/ADMITTED*

PROCEEDINGS

THE COURT: This is Cause No. DC-19-09781, Tracey Thompson vs. Martin Gaines. Would you announce your appearances for the record beginning with the movant?

MS. CRANE: Keisha Crane for the Defendant.

THE COURT: Ms. Thompson, this is where you make your announcement.

MS. THOMPSON: Tracey Thompson. I'm the Plaintiff.

THE COURT: And we're here today on Defendant's No Evidence Motion for Summary Judgment. Prior to going on the record today, there was a discussion whether Plaintiff had been served a copy of Defendant's No Evidence Motion for Summary Judgment. This Motion for Summary Judgment was filed on 3/29/2021, and according to the certificate of service it was also sent via e-mail. Prior to going on the record today, the Plaintiff did acknowledge receipt of this four page or three-page Motion for Summary Judgment; is that correct, Ms. Thompson?

MS. THOMPSON: I did get it in October. I have to look back at the date. I did see the motion for judgment, and I asked for time from them because I was sick and wasn't able to use my fingers. I'm still not

STATE OF TEXAS )

COUNTY OF DALLAS )

I, Terri Etekochay, Official Reporter in and for the 101st District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested orally by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

WITNESS MY HAND this 6th day of May, 2022.

*/s/Terri Etekochay*

Terri Etekochay, Texas CSR #8283
Certificate Expires: 1-31-2023
Email: terri.etekochay@dallascounty.org
Official Reporter, 101st District Court
George Allen Sr. Courts Building
600 Commerce Street, 6th Floor
Dallas, Texas 75202-4631

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court

able to use them. I burned them a long time ago, but they still have not healed. They didn't answer, so I said is there anything else specifically I need to do regarding the summary. She just sent it to me again. She just sent it twice.

THE COURT: All right. Do you know what this motion is about, Ms. Thompson?

MS. THOMPSON: Yes. I don't know what it's about. I just know the definition, and I know the -- what -- what it's all about. I know the codes. I understand the codes that she's saying is the evidence, but I wanted to know what is it exactly specifically that -- what is the no evidence about, you know what I'm saying? What is it all about? They have their records. What is it specifically that they're asking me?

THE COURT: Okay. Well, they didn't have an obligation to respond to you in District Court. You file, like all motions or objections or all concerns, with the Court. According to Texas Rules of Civil Procedure, you were supposed to file a response. A response was not filed. You did not seek a continuance of the Court, so we're going to proceed today with the hearing.

Ms. Crane, you may proceed.

MS. CRANE: Your Honor, I just -- I think this

is kind of -- it may be really simple. I really don't have much today.

Plaintiff filed a lawsuit on July 12th, 2019, asserting a negligence claim against Defendant, Mr. Gaines, for alleged damages sustained in a motor vehicle collision that occurred on September 5th, 2018. Since filing her petition, Plaintiff has not propounded any discovery requests, and she also hasn't sought my client's deposition. So we're convinced that, you know, this case has been ongoing for almost two and-a-half years now, so we're convinced that at this point Plaintiff doesn't have any evidence to prove that my client's negligence proximately caused her alleged injuries. If we -- if you want me to go more specific, we'd say she doesn't have any evidence to show that Mr. Gaines owed her a duty, that he breached that duty and that his breach of that duty proximately caused her damages. She filed an amended petition where she asserts punitive damages, so there isn't a claim for gross negligence, but to the extent that she's seeking damages for gross negligence, it's also our contention there's no evidence to support the gross negligence as well. That's why today we're asking the Court

*[Handwritten annotations: "She-defendant didn't say this", "Incorrect", "Incorrect", "Didn't (Defend) Notes :)", "She defendant didn't say this", "Incorrect", "All Incorrect Supplement", "Omit or correct", "I'm correct - She wasn't aware of the 2nd Amendment", "see pages 10, 11 - regarding amendment"]*

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court

to dismiss all Plaintiff's claims with prejudice against Defendant Gaines. *Incorrect she didn't know what the second amendment was about*

THE COURT: All right. Ms. Thompson, your response?

MS. THOMPSON: Okay. My response is all claims are valid. I did also send information -- my -- I had my attorney for the -- for my personal damage, and it has all been completed. *this is all the information she was aware of* The deposition pages that were sent to me were sent to me from another person. Originally, it was not sent to me. I didn't receive it. I burned my hands then. So when I did send the deposition, I guess the questions, there were I think about 15 pages, and they were -- excuse me, they were all irrelevant to the case. They asked me about my medical records, and they've asked me something about things that were irrelevant.

I answered what was relevant and what was irrelevant. I gave them the information. Number one, number two, number three didn't apply to my punitive damages. This is my property damages. My car was in the accident. He caused my accident, and we had a witness that stated what he did on the freeway. There was witnesses, and he denied it and they didn't pay it. He decided to deny he did this to me. He did this to me, and I didn't have a problem with him -- with them

*Incorrect* *Incorrect*

paying for my medical, and my medical's still ongoing. *Incorrect*

And so the accident was my car -- the problem is the reason they didn't want to give me -- *Incorrect* Mr. Stone is the person that I went to court with. I didn't know I was supposed to sue the insurance company, *Incorrect* so I had to go back and sue the person that wrecked my car. So he decided to take $3,000 or nothing. *Incorrect* I had a classic car, a 1982, and he didn't want to pay for the *Incorrect* rental car, and so I kept my rental car and my wife's *Incorrect* van. The $3,000 -- he offered me $3,000, and I said no, my car's a classic. So I got my own internal *Incorrect* -- my own external appraisal. I got my own external appraisal because he didn't have the correct amount for my car. He didn't go by a computer man or call someone and ask *Incorrect* what would they give for a 1987 considering my car was old, and it only had 99,000 miles on it. Ninety-nine-hundred-thousand miles on a 1987. It's a classic, and I had a lot of things done to -- added to the car to preserve it. So then he said okay, if you change your *Correct* *I already went to justice court dismissed* mind about the $3,000, and he continued to harass me about it. So I just decided to go ahead and file charges for not reimbursing me for the rental I purchased. I rented the car for four or five months,

and he only gave me a portion of the rental and gave me a low budget of my car. That's not the correct amount and other stuff. So I decided okay, this is something I needed to do.

So he sent deposition papers asking questions that were irrelevant. I repeat: He wanted 92 and I gave those. We got involved in the medical part of my case of the questions. I didn't answer some of those because I didn't want to go get medical records all over again when I didn't need to do that, so there was a few more questions I don't have that were irrelevant. He's upset with me because my classic car, I got my external outside appraisal.

THE COURT: Okay. Thank you. Ms. Crane, anything you want to add?

MS. CRANE: Yes, Your Honor. I do want to kind of clarify some things. I believe what Ms. Thompson's is referring to as deposition is that we sent her, you know, the standard Request for Disclosures, and she did respond to that, and then we sent her a Request for Admissions. So I think that's what she's referring to, but she is alleging -- I mean, in her petition she is alleging medical damages. She is alleging --

MS. THOMPSON: No, no, no -- go ahead. I'm

sorry.

MS. CRANE: She is alleging property damage, mental anguish and things like that, but we have no -- so -- and she does mention in her petition, and in this request, about an estimate for the property damages, but there's been no documentation received that supports any of those damages, but that would only be -- that documentation would only go to the damages element. It doesn't go to any of the liability elements such as -- as the duty and the breach of that duty. There's been no evidence of any of that that we believe Plaintiff can produce at this time.

THE COURT: All right. I don't see any proposed orders. So --

MS. CRANE: Those --

THE COURT: Go ahead.

MS. CRANE: We just filed that this morning. I noticed that there wasn't a proposed order, so we got that filed this morning so it probably hasn't circulated.

THE COURT: It'll take two or three days. So if you can also e-mail it to the Court at 101Court@dallascounty.org. In the subject matter line, whoever's sending it has to put follow-up from hearing.

Ms. Thompson, to save you any wear and

tear, I'm sure you just want me to strike through the Defendant's and say denied, so we'll get the --

MS THOMPSON: But I have a quick question. *INCorrect* One more question for her. When she -- she came in the -- on the end because there's a second -- she's looking at the first one. I had to go amend it *INCorrect* regarding the mental anguish and all of that. That's *INCorrect* what I made a mistake on because *IN Correct* I know this is property damage only, and I had to make a slight change in the *Incorrect* amendment so, therefore, she had the second one. There was a second one sent to them, and it's only regarding my property damage.

MS. CRANE: I didn't see one filed, the second amended petition. *CORRECT*

MS. THOMPSON: It's just not much different. *INCorrect* I just rewrote it and got that out.

MS. CRANE: Okay.

MS. THOMPSON: Maybe you came in at the end *Correct* and you didn't study the file. It's only about property *INCORRECT* *INCorrect* damage and mental anguish. I've already got that stuff *Correct* done. It's nothing about medical. But when you say all the mental anguish when I'm wrecked and injured, yes, it's going to have an emotional impact on me, but it's *INCorrect* really mostly about the rental. It's about my rental *INCorrec* *Incorrect* and the reimbursement for my rental and the damages that

he underbid at $1,500 when it's valued at $7,600. I'm not going to get that back. I've already suffered that part.

So my question is to pay for the property damage that was damaged when he was already doing fine before he wrecked my car. I didn't want the 3,000. I said $7,600 would be more or 8,000 or 9,000. Mental anguish, whatever, but at this point I'm sick. I been sick for a long time. I'm getting better, and I only have the strength for what I needed. It's only about my property damage from the beginning. When we start to send that, I'm going to add in everything from the start to the finish. That's exactly what I did. It has a lot to do with your emotions and with how you feel. It has a lot to do with that, but it also has to do with my property that I no longer have anymore, and it's a classic that I would like to have and I don't have it. He caused it. I didn't cause it. He did.

THE COURT: All right. Thank you very much. Y'all have a great day, great afternoon. Please stay safe and healthy, and I hope your hands continue to heal.

(End of proceedings.)

* * * * *

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court

STATE OF TEXAS )

COUNTY OF DALLAS )

I, Terri Etekochay, Official Court Reporter in and for the 101st District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested orally by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

Incorrect

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for this Reporter's Record is $00.00 as Plaintiff was deemed indigent.

Inaccurate Report

WITNESS MY HAND this 6th day of May, 2022.

/s/Terri Etekochay

Terri Etekochay, Texas CSR #8283
Certificate Expires: 1-31-2023
Email: terri.etekochay@dallascounty.org
Official Reporter, 101st District Court
George Allen Sr. Courts Building
600 Commerce Street, 6th Floor
Dallas, Texas 75202-4631

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court